HAROLD K. BARON,
Plaintiff,

*vs.*

PRESSED METALS OF AMERICA, INC., a Delaware corporation, and FREDERICK W. RICHMOND,
Defendants.

*New Castle, November 14, 1955.*

*Robert C. Barab* and *Carl W. Mortenson,* Wilmington, and *Nathan B. Kogan,* New York City, for plaintiff.

*Berl, Potter & Anderson,* of Wilmington, *Cleary, Gottlieb, Friendly & Hamilton,* New York City, and *Watson & Inman,* Port Huron, Mich., for corporate defendant.

MARVEL, Vice Chancellor: Plaintiff's motion for reargument first lists factors allegedly not considered by the Court in giving "little weight" to the appraisal of Manufacturers Appraisal Company. These factors as they throw light on the values set forth in the appraisal, including assets of Acorn Products Company, were considered and have been reconsidered. They do not alter my conclusion that the appraisal was more an estimate of reproduction costs than a realistic valuation of the worth to a willing buyer of specialized assets with a clouded future. Furthermore, the absence of any firm offer more attractive than that submitted by Mr. Richmond and the presence of such factors as the loss of customers and Mr. J. W. Leighton's age, persuade me that the sale is not only not tainted by active or constructive fraud but is in the best interests of the stockholders.

As to the patent situation, I am still of the opinion that not only did the corporate directors and the elder Leighton make an arm's length contractual arrangement about patent uses but that such arrangement was understood and approved by the stockholders. The division of patent rights between the Leightons is a matter between them and the tax authorities. I am satisfied that both the old and new patents cannot be judicially added to the assets offered for sale by the corporation. While Mr. J. W. Leighton exchanged his pre-1920 bronze extrusion patents for 50% of the stock of the original Canadian corporation, there is no showing of a similar arrangement for his automotive patents. Admittedly, the principle that an exclusive license is tantamount to an assignment should be applied when the equities so require. Thus, the plaintiff in *Matzka Corp. v. Kelly,* 19 *Del.Ch.* 359, 168 *A.* 70, in being granted full relief, was allowed to bring a suit for cancellation of an exclusive license over defendants' objection that inasmuch as title to the patents had not been transferred, an action at law for damages was adequate.

It has also been decided in direct proceedings involving patent rights that an inventor's work product may equitably become

the property of the corporation through payment in stock or otherwise or through use of corporate facilities. The case at bar is not, in my opinion, such a case.

In its conclusions as to capitalized earnings, the Court based its calculations on the downward earnings trend of the corporation. Plaintiff and the Court differ as to the meaning of the Chancellor's ruling in *Cottrell v. Pawcatuck Co., Del.Ch.,* 116 *A.2d* 787 insofar as he considered book value as a method of valuing corporate assets.

Plaintiff's motion for reargument is denied.